# 14-1960-cv

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

JEFFREY SIEGEL, RICHARD SIEGEL,

*Plaintiffs-Appellants,*

—against—

ANNETTE APERGIS, UNITED STATES OF AMERICA, FLORENCE CORP., d/b/a FLORENCE BUILDING MATERIALS, DLJ MORTGAGE CAPITAL, INC., SAMUEL FELDMAN LUMBER CO., INC., d/b/a FELDMAN LUMBER, INTERAMERICAN MORTGAGE CORP., COASTAL CAPITAL CORP., JUNE SIEGEL, Individually and as Representative of the Estate of SEYMOUR SIEGEL,

*Defendants-Appellees,*

—and—

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Washington Mutual Bank,

*Defendant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFFS-APPELLANTS

AHMED A. MASSOUD
MASSOUD & PASHKOFF, LLP
1700 Broadway, 41st Floor
New York, New York 10019
(212) 207-6771

*Attorneys for Plaintiffs-Appellants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................................................................2

SUBJECT MATTER AND APPELLATE JURISDICTION....................................3

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW..............................4

STATEMENT OF THE CASE...................................................................................5

      A.    Nature of the Case..................................................................................5

      B.    Proceedings in the District Court...........................................................7

SUMMARY OF THE ARGUMENT........................................................................9

STANDARD OF REVIEW.......................................................................................9

ARGUMENT............................................................................................................9

      THE DISTRICT COURT'S DISMISSAL OF THE ACTION WITH
      PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION
      WAS ERROR AS A MATTER OF LAW SINCE IT LACKS SUCH
      AUTHORITY UNDER ARTICLE III OF THE CONSTITUTION..............9

CONCLUSION.......................................................................................................11

# TABLE OF AUTHORITIES

CASES
Allaire Corp. v. Okumus
433 F.3d 248 (2nd Cir. 2006)........................................................................9

Bonded Concrete Inc. v. Town of Saugerties
50 Fed. Appx. 491 (2nd Cir. 2002)..............................................................10

Cox, Cox, Flio, Camel & Wilson v. Sasol North America Inc.
2013 U.S. App. LEXIS 10572 (5th Cir. May 24, 2013)...........................10

DLJ Mortgage Capital v. Kontogiannis
594 F.Supp.2d 308 (E.D. N.Y. 2009)..........................................................9

Ehrenfeld v. Mahfouz
489 F.3d 542 (2nd Cir. 2007)......................................................................10

Figueroa v. Buccaneer Hotel Inc.
188 F.3d 172 (3rd Cir. 1999)......................................................................10

Frederiksen v. City of Lockport
384 F.3d 437 (7th Cir. 2004)......................................................................10

Hernandez v. Conriv Realty Associates
182 F.3d 121 (2nd Cir. 1999)......................................................................10

As detailed herein, the instant appeal is necessitated by the fact that the district court (Honorable William F. Kuntz, II), in dismissing the underlying action for want of subject matter jurisdiction, did so with prejudice, thereby committing a clear error of law in disregarding the settled rule that where a federal court lacks subject matter jurisdiction, it also lacks the power to dismiss a complaint "with prejudice".

## **SUBJECT MATTER AND APPELLATE JURISDICTION**

Jeffrey Siegel and Richard Siegel (the "Siegels"), Plaintiffs-Appellants herein, commenced the underlying action, seeking: (a) to enforce a judgment entered in their favor against Annette Apergis ("Apergis") by the Supreme Court, Kings County in Blue Ridge Farms Inc. v. Kontogiannis, Index No.: 23246-2008, on May 17, 2012, in the amount of $6,288,756.15 (the "Siegel Judgment"); and (b) a declaration and determination of the validity, rights, interests and priorities of the named defendants herein in three separate parcels of real property subject to satisfaction of the Siegel Judgment.  Docket Nos.: 1 and 19.[1]

---

[1] The Complaint was amended to reflect the fact that, subsequent to its initial filing, Defendant-Appellee DLJ Mortgage Capital Inc. ("DLJ") secured a judgment by default against Apergis in an action brought in the Supreme Court, New York County, DLJ Mortgage Capital v. Kontogiannis, Index No.: 104675-2010 (the "DLJ State Action").

The basis for jurisdiction in the district court was 28 U.S.C. § 1346 in that the action involved the United States of America (the "United States") as a defendant, and 12 U.S.C. § 1819, in that the action also involved the Federal Deposit Insurance Corporation (the "FDIC") as a defendant. Docket No.: 1, ¶ 2.

By way of an Order entered on May 7, 2014, the district court dismissed the underlying action, with prejudice, for want of subject matter jurisdiction. It did so after having found it was divested of jurisdiction to adjudicate the interests of the parties with respect to Count One of the Complaint, and after declining to exercise pendent jurisdiction over the remaining Counts once the claims against the FDIC, which formed the basis for jurisdiction with respect thereto, had been dismissed pursuant to a stipulation between the parties. **A** 96-98.

The Siegels timely filed a Notice of Appeal from the May 7, 2014 Order of Dismissal on June 5, 2014. **A** 99. The appeal is from a final order and thus, this Court has jurisdiction of the appeal pursuant to 28 U.S.C. §§ 1291 and 1294.

## STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

The sole issue presented for review on the instant appeal is whether Article III of the United States Constitution deprives a federal court of the power to dismiss a case with prejudice where the basis for dismissal is a lack of federal subject matter jurisdiction.

## STATEMENT OF THE CASE

### A.   Nature of the Case

This case involves an action brought by the Siegels seeking to enforce the Judgment entered in their favor against Apergis, and a declaration and determination of the validity, rights, interests and priorities of the various parties in three parcels of real property subject to satisfaction of said Judgment.  The properties at issue consist of a parcel located in Nassau County, described as Block J-7, Lot 870 (the "Nassau Property"), and two separate parcels located in Queens County, described as Block 13204, Lots 112 and 114 (the "Queens Property").  The complaint set forth three counts, each specifically pertaining to one of the parcels of property at issue herein.

Count One sought discharge of a judgment by confession entered in favor of the United States and docketed as a lien against the Nassau Property as security for the appearance of Apergis' husband, Elias Apergis, in a criminal action brought in the United States District Court, Eastern District of New York, on the ground that Elias Apergis complied with the terms of his appearance bond and surrendered himself to serve a prison term imposed following a guilty plea in said action.

Count One also sought cancellation of a notice of pendency filed against the Nassau Property by the FDIC on the ground that it failed to plead a claim that would warrant the filing of a notice of pendency against the subject property.

In addition, Count One sought the vacatur of an order of attachment issued on April 14, 2011 (the "Order of Attachment") against the Nassau Property in the DLJ State Action. Specifically, the factual allegations on the basis of which DLJ obtained the Order of Attachment were previously rejected in a prior action it brought in the United States District Court, Eastern District of New York as wholly insufficient to meet DLJ's burden of showing entitlement to such relief. *See*, DLJ Mortgage Capital v. Kontogiannis, 594 F.Supp.2d 308, 324 (E.D. N.Y. 2009).

Finally, by way of Count One, the Siegels sought a determination of the extent of a mortgage and other judgment liens recorded against the Nassau Property and the order of their priorities, and appointment of a receiver to sell said property and apply the proceeds thereof to satisfy such liens under the direction of the court.

Counts Two and Three of the Complaint sought cancellation of notices of pendency filed against the Queens Property by the FDIC on the ground that they were filed in violation of the provisions of CPLR § 6516. In addition, Counts Two and Three sought to vacate the Attachment Order against the Queens Property on the ground it was improvidently granted as afore-described. Finally, the Siegels sought a determination of the amounts due under mortgages recorded against the Queens Property and the appointment of a receiver to sell said properties and apply the proceeds thereof to satisfy such liens and the Siegels' Judgment.

-6-

**B.    Proceedings in the District Court**

By way of a Notice of Motion dated January 18, 2013, DLJ sought, among other relief, an order, pursuant to FRCP 12(b)(1), dismissing the action on the ground that the district court lacked subject matter jurisdiction.  **A** 11-12.

Seven days later, on January 25, 2013, DLJ brought a separate action in the Supreme Court, Nassau County, DLJ Mortgage Capital Inc. v. Apergis, Index No.: 001072/2013 (the "DLJ Nassau Action"), seeking an order directing the sale of the Nassau Property and applying the proceeds of sale to satisfaction of a judgment it obtained by default against Annette Apergis.  **A** 54-55; **A** 68-69.  With the exception of Apergis, DLJ failed to name any of the parties herein as parties to the DLJ Nassau Action.

On February 11, 2013 the FDIC voluntarily cancelled the notices of pendency it had filed against the properties at issue in this action and, on February 28, 2013, the action was dismissed against the FDIC pursuant to a stipulation entered into by and between the Siegels and the FDIC.  Docket No. 32.

On May 1, 2013, the Supreme Court, Nassau County entered an Order in the DLJ Nassau Action, by default, directing the sale of the Nassau Property, payment of $150,000.00 from the proceeds of sale to Apergis as a homestead exemption, and payment of the surplus proceeds to DLJ.  **A** 55; **A** 68-69.

On March 5, 2014, an involuntary Chapter 7 bankruptcy case was filed in the United States Bankruptcy Court, Eastern District of New York against Apergis and, on April 25, 2014, an order was entered by the United States Bankruptcy Court for the Eastern District of New York granting relief from the bankruptcy stay to allow for the sale of the Nassau Property, with the determination of lien priorities to be made by the Supreme Court, Nassau County or New York County, and distribution of sale proceeds to be made in accordance with such determinations.[2]  **A** 69-70.

Under cover of letter dated April 29, 2014, counsel for the Siegels advised the district court of the foregoing facts and that, as a result thereof, DLJ had succeeded in divesting the district court of jurisdiction, at least with respect to the Nassau Property.  **A** 68-95.

A status conference was held on April 30, 2014, at which time the Honorable William F. Kuntz stated that he would dismiss the complaint with prejudice.

On May 7, 2014, the district court entered an order dismissing the action, with prejudice, for want of subject matter jurisdiction.  **A** 96-98.  The instant appeal followed.  **A** 99.

---

[2]    Anthony Cincotta, Esq. of 100 Crossways Park Dr. W., Woodbury, New York has been appointed by the Supreme Court, Nassau County as referee to ascertain the question of priority of the liens and disposition of the proceeds of sale of the Nassau Property.

## SUMMARY OF THE ARGUMENT

The district court's dismissal of the Complaint in this action, *with prejudice*, for lack of subject matter jurisdiction was a clear error of law as it is well-settled that, where a court lacks subject matter jurisdiction, it also lacks the power to dismiss a case with prejudice.

For these reasons, the order entered on May 7, 2014 by the district court must be reversed and vacated to the extent that it dismissed the action with prejudice.

## STANDARD OF REVIEW

The standard of review applicable to the district court's dismissal of the Siegels' Complaint with prejudice for lack of subject matter jurisdiction is *de novo* review.  Allaire Corp. v. Okumus, 433 F.3d 248, 249-250 (2nd Cir. 2006); *see also*, Ehrenfeld v. Mahfouz, 489 F.3d 542, 547 (2nd Cir. 2007).

## ARGUMENT

### THE DISTRICT COURT'S DISMISSAL OF THE ACTION WITH PREJUDICE FOR LACK SUBJECT MATTER JURISDICTION WAS ERROR AS A MATTER OF LAW SINCE IT LACKS SUCH AUTHORITY UNDER ARTICLE III OF THE CONSTITUTION

As this Court has held, it is settled that, "where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice", as Article III of the Constitution deprives federal courts of the power to dismiss a case with prejudice

where federal subject matter jurisdiction does not exist. Hernandez v. Conriv Realty Associates, 182 F.3d 121, 123 (2nd Cir. 1999). Indeed, under Article III, a federal court which dismisses an action for lack of subject matter jurisdiction may not do so with prejudice since it impermissibly interferes with state court jurisdiction and bars future suits brought by the plaintiff upon the same cause of action. *Id*. This basic rule has been uniformly and consistently applied. *See*, Bonded Concrete Inc. v. Town of Saugerties, 50 Fed. Appx. 491, 494 (2nd Cir. 2002); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 182 (3rd Cir. 1999) (dismissal for lack of jurisdiction is plainly not a determination on the merits, and is ordinarily "without prejudice"); Cox, Cox, Flio, Camel & Wilson v. Sasol North America Inc., 2013 U.S. App. LEXIS 10572 (5th Cir. May 24, 2013) (a dismissal with prejudice under Rule 12(b)(1) is not permissible as it amounts to disclaiming jurisdiction and then exercising it); Frederiksen v. City of Lockport, 384 F.3d 437, 438 (7th Cir. 2004) ("No jurisdiction" and "with prejudice" are mutually exclusive).

It is respectfully submitted that, in this case, once the district court determined it could not entertain the action because it lacked subject matter jurisdiction, it was bound to dismiss the Complaint *without prejudice*, and its dismissal of same "with prejudice" constituted a reversible error of law.

## CONCLUSION

For all of the reasons and authorities set forth above, Appellants respectfully request that this Court reverse, vacate and set aside the Order entered on May 7, 2014 by the United States District Court, Eastern District of New York (Honorable William F. Kuntz, II), insofar as said Order dismissed the underlying action for lack of subject matter jurisdiction "with prejudice", and remand the case to require the district court to amend its Order of May 7, 2014 to reflect that dismissal of the Complaint herein is "without prejudice".

Dated:       New York, New York                  Respectfully submitted,
             September 3, 2014                    MASSOUD & PASHKOFF, LLP
                                                  Attorneys for Appellants


                                        By:    /s/ Ahmed A. Massoud
                                               Ahmed A. Massoud, Esq.
                                               (AAM:5361)
                                               1700 Broadway. 41st Floor
                                               New York, New York 10019
                                               (212) 207-6771
                                               amassoud@maspaslaw.com

## CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)

1.    This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(A) because this brief does not exceed 30 pages.

2.    This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief

has been prepared in a proportionally spaced typeface using WordPerfect in Times

New Roman, 14 point font.


Dated:      New York, New York              Respectfully submitted,
            September 3, 2014                MASSOUD & PASHKOFF, LLP
                                             Attorneys for Appellants


                                       By:   /s/ Ahmed A. Massoud
                                             Ahmed A. Massoud, Esq.
                                             (AAM:5361)
                                             1700 Broadway. 41st Floor
                                             New York, New York 10019
                                             (212) 207-6771
                                             amassoud@maspaslaw.com